IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

HARTFORD CASUALTY INSURANCE COMPANY,

    Plaintiff,

    v.

EEE BUSINESS INC., ET AL.,

    Defendants.

No. C 09-01888 JSW

**ORDER SETTING BRIEFING AND HEARING SCHEDULE**

On September 22, 2009, Plaintiff Hartford Casualty Insurance Company filed and properly served a motion for summary judgment and set a hearing for November 6, 2009. Due to the Court's calendar, the hearing is CONTINUED to **November 13, 2009 at 9:00 a.m.** The case management, set for November 13, 2009 at 1:30 p.m. shall be held instead at 9:00 a.m., immediately following the hearing on the motion for summary judgment. The Court further ORDERS that opposition to the motion shall be filed by no later than **October 13, 2009** and a reply brief shall be filed by no later than **October 20, 2009**.

Defendants have an obligation to file an opposition to Plaintiff's motion and failure to do so may result in the entry of judgment. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, result in the entry of judgment. *See Rand v. Rowland* 154 F.3d 952, 953-54 (9th Cir.1998) (en banc). A principal purpose of the summary judgment procedure is to identify and dispose of factually supported claims. *See Celotex Corp. v. Cattrett*, 477 U.S. 317, 323-24 (1986). In order to withstand a motion for summary judgment, the opposing party must set forth specific facts showing that there is a genuine issue

of material fact in dispute. Fed. R. Civ. P. 56(e). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In the absence of such facts, "the moving party is entitled to a judgment as a matter of law." *Celotex Corp.*, 477 at 323. In opposing summary judgment, Defendants are not entitled to rely on legal argument. *See* Fed. R. Civ. P. 56(e); *cf. S. A. Empresa de Viacao Aerea Rio Grandense* (*Varig Airlines*) *v. Walter Kidde & Co.*, 690 F.2d 1235, 1238 (9th Cir. 1982) (stating that "a party cannot manufacture a genuine issue of material fact merely by making assertions in its legal memoranda"). Rather, Defendant's response must set forth specific facts supported by admissible evidence, i.e., affidavits or certified deposition testimony, showing that there is a genuine issue for trial. *See id.*; *see also Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996) (quoting *Richards v. Combined Ins. Co.*, 55 F.3d 247, 251 (7th Cir. 1995), and stating that it is not a district court's task to "scour the record in search of a genuine issue of triable fact"). If summary judgment is granted in full, Plaintiff's case will result in entry of judgment and there will be no trial. *See Rand*, 154 F.3d at 953-54.

If the Court determines that the matter is suitable for resolution without oral argument, it will so advise the parties in advance of the hearing date. If the parties wish to modify this schedule, they may submit for the Court's consideration a stipulation and proposed order demonstrating good cause for any modification requested.

Plaintiff shall serve all Defendants with a copy of this order and proof of such service with the Court by no later than September 29, 2009.

**IT IS SO ORDERED.**

Dated: September 24, 2009

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE